Ajmer SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70332.

Agency No. A 75–309–304.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2004.*

Decided July 9, 2004.

Earle A. Sylva, Rai Law & Associates, PC, Tsz–Hai Huang, Hardeep S. Rai, Earle A. Sylva, Tsz–Hai Huang, Rai & Assoc., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Jennifer Paisner, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before O'SCANNLAIN, SILER,** and HAWKINS, Circuit Judges.

MEMORANDUM***

Petitioner Ajmer Singh, a native of India, seeks review of a removal order from

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the Board of Immigration Appeals (BIA). Singh sought asylum, withholding of removal, and relief under the Convention against Torture. The Immigration Judge (IJ) denied asylum because she found Singh's account of past persecution lacked credibility and he failed to establish a well-founded fear of future persecution. We directly review the IJ's decision because the BIA affirmed without opinion. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003). We must uphold the IJ's decision if substantial evidence supports the adverse credibility determination. *Monjaraz–Munoz v. INS,* 327 F.3d 892, 895 (9th Cir.2003). Under this highly deferential standard, we must affirm the adverse credibility determination "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

According to Singh, Indian police persecuted him, and will persecute him if he is deported, because they believe he supports the militant Sikhs. He claims the police arrested and tortured him twice. The IJ found Singh incredible based on several specific discrepancies in his testimony.

■ Substantial evidence supports the IJ's adverse credibility finding. Particularly, the record substantiates the IJ's finding that Singh was not consistent concerning how the police electrically shocked him. These discrepancies go to the heart of his claim because they describe his past persecution. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004).

Additionally, the record supports the IJ's finding that Singh contradicted himself regarding the militant Sikhs' visit to his uncle's farm. This goes to the heart of Singh's persecution claim because, in addition to the police persecution, he claims a fear that the militants will persecute him as retribution for making the complaint. Given these discrepancies, we cannot say

that a "reasonable adjudicator would be compelled to conclude" that Singh was credible. 8 U.S.C. § 1252(b)(4)(B).

■ Because Singh fails to qualify for discretionary asylum, he necessarily fails the more stringent standard for mandatory withholding. *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000). We cannot review Singh's Convention Against Torture claim because he failed to raise it with the BIA. 8 U.S.C. § 1252(d)(1); *Guo v. Ashcroft,* 361 F.3d 1194, 1199 n. 1 (9th Cir.2004).

**Petition DENIED.**